C. T. HAGEN, Appellee, v. STANLEY REID et al., Appellants.

*Ring & Hann,* for appellants.

*Maurice P. Cahill* and *W. C. Boland,* for appellee.

Evans, J.—The principal defendant is Reid. The other defendants are purchasers of the property, and we shall have no occasion to consider the question of their rights. Reid will therefore be referred to as though he were sole defendant. The salient facts in the case, as we find them to be, are that, in the late fall of 1925, the plaintiff and defendant Reid entered into an oral contract, whereby the plaintiff undertook to do all the exterior and interior work of painting and decorating a certain new house then under construction by the defendant; that the plaintiff entered upon such work, and performed it in large part; that the defendant made payments on such contract to the amount of $260, leaving a balance of $90 to become due the plaintiff upon finishing the contract; that plaintiff never did fully perform the contract.

The plaintiff, in his account sued on, set forth a debit item of $350 on contract. He gave credits thereon to the amount of $250, and claimed a balance due thereon of $100. He set forth, in addition, a claim for $158 for alleged extras done and furnished in connection with his performance of his contract. The decree of the district court awarded him $90, and no more. Though the district court made no finding of facts, nor did it indicate the particular ground upon which it allowed the amount of $90, yet it is quite apparent, in the light of the evidence, that the court rejected the claim of $158 for extras, and allowed the plaintiff $90 as the balance due on the contract. Up to this point, our finding of facts is doubtless in accord with the finding of the district court. The further facts are that the plaintiff

abandoned the contract before finishing, and that the defendant expended $94.20 in completing the same. The plaintiff himself testified, as a witness, that he left some unfinished work, and he estimated that the reasonable cost of performing the same would be about $40. On the other hand, the defendant showed the items of his expenditure, and testified to the reasonableness of each one. The plaintiff offered no testimony to dispute any item thus exhibited by the defendant, nor did the plaintiff itemize in any degree the cost of finishing the work, as he estimated it. He simply estimated a lump sum. There are features of the record which we will not dwell upon, which impair the credibility of the plaintiff's evidence at several points. By his own testimony at this point, the controversy is reduced to $50 in amount, and to the question whether the defendant reasonably expended the sum of $90 or more in finishing the contract. In our judgment, the clear weight of the evidence is with the defendant on this issue. The plaintiff's petition should have been dismissed.

The decree below is, accordingly,—*Reversed.*

All the justices concur.